Edgar Carranza, Esq. (5902)
Tiffanie Bittle, Esq. (15179)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:    (702) 385-2500
Fax:    (702) 385-2086
ecarranza@hutchlegal.com
tbittle@hutchlegal.com

*Attorneys for Defendant Costco Wholesale Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDA ELLEN WILSON, an individual; | CASE NO. |
| Plaintiffs, | |
| vs. | |
| COSTCO WHOLESALE CORPORATION; and DOES 1 through X, inclusive, | |

**PETITION FOR REMOVAL**

Defendant, COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Costco" or "Defendant") by and through counsel, Edgar Carranza, Esq. and Tiffanie C. Bittle, Esq. of the law firm HUTCHISON & STEFFEN, PLLC, hereby files this instant petition of removal of this action to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, states as follows:

**I.    FACTUAL AND PROCEDURAL HISTORY**

1.      Plaintiff, LINDA ELLEN WILSON ("Plaintiff") is and was a resident of Nevada; and is therefore a citizen of Nevada for the purposes of diversity. *See* Complaint filed in the Eighth Judicial District Court for Clark County, Nevada, at ¶1, attached as "Exhibit A."

Page 1 of 6

2.      Defendant, COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Costco") is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Washington, with its headquarters and principal place of business in the State of Washington.  *See* Defendant's NRCP 7.1 Disclosure Statement, attached as "Exhibit B."

3.      Plaintiff's Complaint was filed in the Eighth Judicial District Court for Clark County, Nevada on or about December 3, 2025.

4.      The Summons was issued on or about December 3, 2025. *See* Summons, attached as "Exhibit C."

5.      Plaintiff's action alleges that on or about December 28, 2023, she was shopping on the premises of Defendant's store located at 791 Marks St., Henderson, NV, 89014 when she slipped on a foreign substance she believed to be a grape, fell, and was injured. *See* "Exhibit A" at ¶ 5–6.  Plaintiff asserts a single cause of action for Negligence. *Id.* at ¶ 7–16.

6.      Plaintiff's Complaint asserted general damages in excess of $15,000 and unidentified amounts of medical expenses and lost income. *Id.* at 4:15–23.

7.      On March 13, 2026, Plaintiff served her Initial Disclosures Pursuant to NRCP 16.1, including a Calculation of Damages totaling $22,476.00. *See* Plaintiff's Initial Disclosures, attached as "Exhibit D."

8.      On June 18, 2026, Plaintiff served her Second Supplement to her Initial Disclosures, in which she disclosed a future cost estimate for a "Total Hip Arthroplasty" totaling $106,775.00 and bringing her calculation of damages to $129,538.00. *See* Plaintiff's Second Supplemental Disclosures, attached as "Exhibit E."

. . . .

. . . .

## II.    DIVERSITY JURISDICTION

9.    Pursuant to 28 U.S.C. 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different states." See 28 § U.S.C. 1332(a).

10.    Pursuant to 28 U.S.C. § 1332(a)(1), this case may be removed to United State District Court for the District of Nevada because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

11.    There is complete diversity in the matter as each Plaintiff was at all times relevant a citizen of Nevada.  Costco Wholesale Corporation is a citizen of Washington.

12.    Further, Plaintiff's Request for Exemption from Arbitration asserts that Plaintiff's past medical expenses exceed $120,000.00, which exceeds the requisite amount in controversy under 28 U.S.C. § 1332(a).

13.    Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

14.    Defendant respectfully requests this matter be removed to the United States District Court for the District of Nevada.

## III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

15.    28 U.S.C. § 1446(b)(1) states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

16. 28 U.S.C. § 1446(b)(3) states: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of **an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.).

17. Plaintiff's Second Supplement to her Initial Disclosures, served on June 18, 2026, was the first pleading in which Plaintiff asserted an amount in controversy exceeding $75,000.00.

18. This instant Petition for Removal is timely in that it is filed within 30 days of Plaintiff's Second Supplement to her Initial Disclosures, from which it could first be ascertained that this case had become removable.

19. This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and there is more than $75,000 in controversy, exclusive of interest and costs.

20. Pursuant to the 28 U.S.C. § 1441, this action is one which may be removed to this Court.

21. Pursuant to 28 U.S.C. § 1446(c)(1), the date for this removal is not more than one year after the December 3, 2025, commencement of the state court action.

22. Pursuant to 28 U.S.C. § 1446(b)(2)(A), there is only one defendant in this case who filed this instant notice of removal.

23. A true and correct copy of this Notice of Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

24. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and orders served upon Defendant in the state court are attached hereto. *See* Complaint attached

as "Exhibit A," Disclosure Statement attached as "Exhibit B," Summons attached as "Exhibit C," Plaintiff's Initial Disclosures, attached as "Exhibit D," and Plaintiff's Second Supplemental Disclosures, attached as "Exhibit E."

25.    Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant is entitled to remove this action to this Court.

## PRAYER

26.    WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada.

DATED this ⁊ᵗʰ day of July, 2026.

HUTCHISON & STEFFEN, PLLC

_____
Edgar Garranza. Esq. (5902)
Tiffanie Bittle, Esq. (15179)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Defendant*
*Costco Wholesale Corporation*

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of HUTCHISON & STEFFEN, PLLC and that on this 7th day of July, 2026, I caused the above and foregoing document, entitled **PETITION FOR REMOVAL** to be served as follows:

☐ by placing the same to be deposited for mailing in the Unites States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☐ to be sent via facsimile; and/or

☒ to be sent electronically via the Court's electronic service system; the date and time of this electronic service is in place of the date and in place of deposit in the mail; and/or

to the parties or attorney(s) listed below at the address and/or facsimile number indicated below:

**ALL PARTIES ON THE E-SERVICE LIST**

*/s/ Patti Sherretts*

An Employee of Hutchison & Steffen, PLLC